**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| QUINTON WALKER, | ) | |
| ID # 48232-177, | ) | |
|     Movant, | ) | No. 3:16-CV-1143-D (BH) |
| vs. | ) | No. 3:14-CR–0210-D (9) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions and recommendation. Before the Court is the *Petition for an Order and Directions Granting an Appeal on the Alternative Petition for Appointment of Counsel*, received April 26, 2016 (doc. 2). Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow an order of the court.

**I. BACKGROUND**

Quinton Walker ("Movant") pled guilty and was convicted of possession of a controlled substance with intent to distribute, and he was sentenced to 87 months' imprisonment by judgment entered June 26, 2015. (*See* No. 3:14-CR–0210-D, doc 373.) He did not appeal his conviction or sentence. He now alleges that he received ineffective assistance of counsel during his criminal case and that his guilty plea was involuntary. (*See* doc. 2.) An order dated April 29, 2016, notified Movant that because the petition challenged his federal conviction and sentence based on ineffective assistance of counsel and involuntariness of the his guilty plea, it was properly construed as a motion to vacate sentence under 28 U.S.C. § 2255. (*See* doc. 3.) The order also noted that under *Castro v. United States*, 540 U.S. 375, 383 (2003), the Court could not recharacterize his *pro se* post-conviction motion as a first § 2255 motion without prior notice and warning about the consequences of that recharacterization. (*Id.*) It provided that within thirty days, Movant could either file an amended § 2255 motion that raised all of his challenges to his conviction and/or sentence, or he could file a notice that he intended to dismiss his petition. (*Id.*) The order

expressly provided that dismissal of the petition would be without prejudice to the filing of any future § 2255 motion, and that any future § 2255 motion could be barred by the one-year statute of limitations. (*Id.*) More than thirty days from the date of the order have passed, but Movant has neither filed an amended § 2255 motion or a notice of dismissal, nor otherwise responded to the order.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Movant was given thirty days to either file an amended § 2255 motion or a notice that he intended to dismiss his petition, and he was specifically warned that failure to do so could result in dismissal of this action. He has not responded to the order. Because he failed to comply with the order and has not otherwise responded to it, this case should be dismissed for failure to prosecute or follow an order of the court.

## III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow an order of the court, unless the Movant files an amended § 2255 motion within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SIGNED this 14th day of June, 2016.**

                                                    IRMA CARRILLO RAMIREZ
                                                   UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE