## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| QUINTON WALKER, ) | | |
| ID #48232-177 ) | | |
|     Movant, ) | | |
| vs. ) | No. 3:16-CV-1143-D-BH | |
| ) | No. 3:14-CR-0210-D (9) | |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
|     Respondent. ) | Referred to U.S. Magistrate Judge | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the movant should be granted an out-of-time appeal in Cause No. 3:14-CR-210-D(9), and the *Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (doc. 5) should be **DISMISSED** without prejudice.

### I. BACKGROUND

Quinton Walker (Movant) challenges his federal conviction and sentence in Cause No. 3:14-CR-210-D(9). The respondent is the United States of America (Government).

**A.**     <u>**Plea and Sentencing**</u>

On June 4, 2014, Movant was charged by indictment with conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846. (*See* doc. 1.)[1] On January 30, 2015, he pled guilty to an information charging him with possession of cocaine with intent to distribute, in

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:14-CR-160-B(6).

violation of 21 U.S.C. § 841(a)(1).  (*See* docs. 252, 253.)

In the supporting factual resume, Movant admitted that in the Northern District of Texas, he knowingly possessed with intent to distribute a mixture of substance containing a detectable amount of cocaine in May 2014, and that in April and May 2014, he negotiated two transactions totaling approximately 1000 grams of cocaine.  (*See* doc. 248 at 1-2.)

In the plea agreement, Movant stated that he understood and waived his rights to plead not guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses, to call witnesses, and to not be compelled to incriminate himself.  (*See* doc. 249 at 1.)  He understood the nature and elements of the crime and agreed that the factual resume was true. (*See id*. at 2.)  The plea agreement set out the range of punishment and stated that he had discussed the federal sentencing guidelines with counsel, and that he understood that the sentence would be imposed by the Court after consideration of the sentencing guidelines, which were advisory and not binding.  (*See id*.)  He had reviewed all legal aspects and facts of the case with counsel and believed that it was in his best interest to plead guilty. (*See id*. at 5-6.)  He waived his right to contest his conviction and sentence in any direct appeal or collateral proceeding, except to bring a direct appeal challenging his sentence as either exceeding the statutory maximum punishment or having been calculated by way of an arithmetic error, or to challenge the voluntariness of his plea or waiver and to bring a claim of ineffective assistance of counsel.  (*See id*. at 5.)  In exchange, the Government agreed not to bring any additional charges against him based on the underlying conduct related to his guilty plea and to dismiss other pending charges.  (*See id*. at 4.)  Crossed out was a paragraph stating that Movant would not contest forfeiture of any property noted as subject to forfeiture in the indictment or information, or that had been seized by law

2

enforcement during the investigation. (*See id.* at 3-4.)

On January 30, 2015, Movant and counsel appeared for his guilty plea, and he testified under oath. (*See* doc. 420.) He stated that he had a twelfth grade education and no difficulty reading or writing, he had not been treated recently for any mental illness or addiction to narcotic drugs, and he was not currently under the influence of any drug or medication or alcoholic beverage. (*See id.* at 4-5.) He understood his constitutional rights and knew that a guilty plea waived his rights. (*See id.* at 17-19.) He understood the charge against him and admitted that he committed each element of the offense. (*See id.* at 5-6, 28.) He had gone over the plea agreement with counsel and understood everything in it, including the range of punishment. (*See id.* at 15, 20.) He and counsel had fully discussed the case, guilty plea, and application of the sentencing guidelines. (*See id.* at 5, 15, 21.) He understood the judge's authority to determine the sentence and the role of the advisory guidelines. (*See id.* at 21-24.) He stated that his plea was voluntary and that no one threatened him or forced him to plead guilty. (*See id.* at 16-17.) He had discussed the factual resume with counsel and understood it. (*See id.* at 27.) He admitted that the facts set out in the factual resume were true. (*See id.* at 26-28.)

Counsel stated that he was satisfied both that Movant understood the nature of the charge to which he was pleading guilty, and that he understood the factual resume and the plea agreement before signing them. (*See id.* at 5-6, 16, 28.)

Movant pled guilty, and the Court found that he was fully competent and capable of entering an informed plea, that he was aware of the nature of the charge and of the consequences of his plea, and that his plea of guilty was knowing and voluntary. (*See id.* at 26, 28.)

On May 15, 2015, the United States Probation Office (USPO) prepared a Presentence Report

3

(PSR), applying the 2014 United States Sentencing Guidelines Manual (USSG). (*See* doc. 342-1 at 10, ¶ 31.) It calculated the total offense level as 22, after a two-level decrease for acceptance of responsibility. (*See id*. at 10, ¶¶ 39, 40.) With a criminal history category of six, the resulting guideline range was 84-105 months of imprisonment. (*See id*. at 35, ¶ 112.)

On June 26, 2015, the day of sentencing, Movant executed a waiver of his interests in the property subject to forfeiture. (*See* doc. 370.) At the sentencing hearing, the Government moved for a third level reduction for acceptance of responsibility in light of Movant's waiver. (*See* doc. 421 at 2-3.) The Court granted the Government's motion and reduced the offense level to 21, which reduced the guideline range to 77-96 months. (*See id*. at 3.) It sentenced Movant to 87 months and dismissed the original indictment. (*See* doc. 373 at 1-2.) Movant did not appeal.

**B.     Substantive Claims**

Movant filed a *Petition for an Order and Directions Granting an Appeal on the Alternative Petition for Appointment of Counsel*, received April 26, 2016 (doc. 2). He alleged that he received ineffective assistance of counsel during his criminal case and that his guilty plea was involuntary, and he sought the appointment of counsel. The filing was construed and recharacterized as a motion to vacate sentence under 28 U.S.C. § 2255, and Movant was given warnings about the consequences of the recharacterization of the filing. (*See* doc. 3.) He was instructed that he could either file an amended § 2255 motion raising all of his claims or dismiss his petition if he did not wish to proceed under § 2255.

Movant filed an amended § 2255 motion and memorandum raising the following grounds:

(1)     The Court abused its discretion in recharacterizing his filing as a § 2255 motion;

(2)     Counsel was ineffective for:

4

>    (a) failing to file a notice of appeal;
>
>    (b) misrepresenting the charges and punishment range for the offense alleged in the original indictment;
>
>    (c) failing to move for a psychological evaluation because the PSR showed that Movant had previously been comatose for four months following an assault by police and a drug overdose;
>
> (3) The Government breached an agreement to move for a three-point reduction for acceptance of responsibility, and the forfeiture of funds should not have been a condition for receiving the third point for acceptance of responsibility.

(3:16-CV-1143-D, docs. 5 at 7; 6 at 5-16.) The Government filed a response, and Movant filed a reply. (*Id.*, docs. 17, 20.)

**C.   Evidentiary hearing**

On August 3, 2018, an evidentiary hearing was held solely on Movant's failure to file a notice of appeal claim. Movant testified, but his trial counsel, who has since retired, did not. Counsel's supervisor, the Federal Public Defender (FPD), testified.

According to Movant, counsel told him that the prosecutor would not move for the third point of acceptance of responsibility unless Movant waived his interest in money that was seized during the investigation and was subject to forfeiture, but if he waived his interest, he would receive a sentence at the low end of the guideline. Movant thought that he was coerced into agreeing to the forfeiture. He was disappointed with the 87-month sentence and complained to counsel. He specifically claims that he said to counsel, "I want to appeal my case." Counsel asked why, and Movant said that he was told by counsel that if he signed over his money, he would receive the low end of the guideline. Counsel told him to calm down and said that he would visit with Movant later. Counsel never visited with Movant, and he never received any letter from him. Movant and his family tried to contact counsel by telephone but were unsuccessful.

The FPD testified that he was counsel's supervisor, but he was not personally involved in Movant's case. His office regularly sent a letter to defendants at the conclusion of their cases. The file contained a such a letter from counsel to Movant dated June 29, 2015. It stated that although Movant had hoped for a sentence at the low end of the guideline, the sentence would be determined by the court as they had discussed, and the court had assessed a mid-guideline sentence. It also stated that the right to appeal was limited because there was an appeal waiver in the plea agreement, but Movant should let counsel know if he wanted to appeal because he had fourteen days from the date of the judgment to file an appeal. The office's time report for Movant's case does not refer to or reflect any request to appeal or a conference with Movant about an appeal. The FPD's office's routine practice is to file a notice of appeal if the defendant wants to appeal.

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an

6

ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. RECHARACTERIZATION AS § 2255 MOTION

Movant contends that his filing should not have been recharacterized as a § 2255 motion.

The primary means of collaterally attacking a federal sentence is under 28 U.S.C. § 2255. *Cox v. Warden, Federal Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990). "Relief under this section is warranted for any error that 'occurred at or prior to sentencing.'" *Id.* (quoting *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)). Because Movant's filing challenged his federal conviction and sentence based on ineffective assistance of counsel and involuntariness of his guilty plea, it was properly construed as a motion to vacate under § 2255. Movant was given the warnings about the consequences of the recharacterization of the filing required by *Castro v. United States*, 540 U.S. 375, 383 (2003). (*See* doc. 3.) He was advised of his choice between filing an amended § 2255 motion using the appropriate form, or dismissing the petition if he did not want to proceed under § 2255. (*See id.*) He elected to file an amended § 2255 motion. Movant has not shown that his initial filing was improperly recharacterized as a § 2255 motion, or that the appropriate procedure was not followed after the recharacterization.

### IV. INEFFECTIVE ASSISTANCE/OUT-OF-TIME APPEAL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for

his defense." U.S. Const. art. VI.  The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696.  The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

"There is no constitutional right to appeal a criminal sentence." *United States v. Burns*, 433 F.3d 442, 445 (5th Cir. 2005) (citing *Jones v. Barnes*, 463 U.S. 745 (1983)).  Counsel "is not burdened by any general duty to perfect an appeal of every criminal conviction." *White v. Johnson*, 180 F.3d 648, 652 (5th Cir. 1999).  Counsel's failure to pursue an appeal can amount to ineffective assistance under *Strickland*, however. *See United States v. Pham*, 722 F.3d 320, 323 (5th Cir. 2013) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 479-80 (2000)).

The assessment of deficient performance "begins with the question whether counsel 'consulted' with the defendant regarding an appeal." *Pham*, 722 F.3d at 323 (citation omitted). '"Consulting' is a term of art that means advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id*. (citation omitted).  There is no constitutional requirement that counsel consult with the defendant about an appeal in every case. *Flores-Ortega*, 528 U.S. at 479-80.  A constitutionally-imposed duty arises when there is reason to think that a rational defendant would want to appeal, such as when there are nonfrivolous grounds for appeal, or when the defendant has reasonably

8

demonstrated to counsel that he is interested in appealing. *Id*. at 480.

A defendant can satisfy the prejudice prong by demonstrating that "there is a reasonable probability that but for counsel's deficient failure to consult with him about an appeal, [defendant] would have timely appealed." *Id*. at 484. "[C]ourts must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 477. "If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Pham*, 722 F.3d at 323-24. If a defendant proves, by a preponderance of the evidence, that he directed his attorney to file an appeal and it was not filed, prejudice is presumed regardless of the merits and regardless of any appellate waiver. *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). When a defendant is denied the opportunity to appeal due to ineffective assistance of counsel, the defendant is entitled to an out-of-time appeal. *United States v. West*, 240 F.3d 456, 459 (5th Cir. 2001).

At the evidentiary hearing, the Government argued that Movant's claim regarding the issue he wanted to appeal has been inconsistent, making it less believable that he wanted to appeal. Movant's initial filing asserted that counsel promised to appeal after he said that he was unhappy that he had agreed to forfeit the money in light of a three-point reduction, but he was only given a two-point reduction. (*See* doc. 2 at 2.) The initial filing implied that he wanted to appeal because he was dissatisfied with his sentence and thought that he had been deprived of a three-point reduction. The amended § 2255 motion and memorandum again claimed that the Government agreed to recommend a three-point reduction in return for forfeiture, but the Government requested a two-point reduction at sentencing, and he told counsel that he wanted to appeal the breach of that

9

agreement. (*See* doc. 6 at 2.) He also claimed that when the original plea agreement was discussed, the Government offered the three-point reduction in return for a guilty plea, and he declined to forfeit the money. (*See id*. at 3.) He expressly asserted that prior to sentencing, counsel informed him that the Government would only recommend a two-point reduction unless he agreed to the forfeiture, which would then result in a low-end sentence of 77 months' imprisonment. (*See id*.) Movant's reply again contended that he told counsel that he wanted to appeal because he believed that he would receive a 77-month sentence based on counsel's advice. (*See* doc. 20 at 2.) He also asserted that he should have received the three-point reduction even if he did not forfeit the money. (*See id*. at 10.) At the evidentiary hearing, Movant admitted that he now realizes that he received the third point for acceptance of responsibility, but he again contended that he was entitled to the three-point reduction even if he did not forfeit the money, and that counsel told him that he would receive a sentence at the low end of the guidelines.

    Movant has consistently alleged that he was unhappy with his sentence and that he told counsel that he wanted to appeal. The specific differences in his basis for an appeal among the allegations in his filings and testimony do not render his claim less believable, because his claim for an out-of-time appeal has consistently been related to the plea agreement, the forfeiture, and counsel's alleged assurance of a low-end sentence. Moreover, there was nothing about his demeanor or his testimony at the hearing that cast doubt on his credibility.

    The evidence also did not refute Movant's allegation that he told counsel that he wanted to appeal. The time report did not indicate whether Movant requested an appeal, or whether counsel discussed an appeal with him. The letter did not mention whether Movant requested an appeal. The absence of any mention in the letter that Movant said that he wanted to appeal may suggest that he

did not indicate to counsel his desire to appeal. As the FPD testified, however, it was a type of letter that was regularly sent by his office. There is no evidence to refute Movant's allegation that he expressed his wish to appeal right after sentencing.

This Court finds that Movant's testimony that he told counsel that he wanted to appeal is credible and has not been refuted. *See Ramos v. United States*, No. 7:14-CV-112, 2016 WL 7443437 at *4 (W.D. Tex. Jan. 15, 2016), *rec. adopted* (W.D. Tex. Feb. 2, 2016) (movant entitled to out-of-time appeal where movant's credible testimony was not refuted). Movant has shown that he received ineffective assistance of counsel because counsel did not file a notice of appeal, as requested, and that he is entitled to an out-of-time appeal. *See Tapp*, 491 F.3d at 265-66.

"[T]he grant of an out-of-time appeal requires dismissal without prejudice of [Movant's] § 2255 motion and reentry of judgment of conviction to permit an appeal." *United States v. Rivas*, 450 F. App'x 420, 429-30 (5th Cir. 2011), citing *West*, 240 F.3d at 462. Movant's remaining claims are therefore not addressed. *See id.*

## V.  RECOMMENDATION

Movant should be granted an out-of-time appeal, the criminal judgment in No. 3:14-CR-210-D(9) should be re-entered, and the § 2255 motion should be **DISMISSED** without prejudice.

**SIGNED on this 27th day of August, 2018**.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE